## Case Information

DC-17-05068 | JESUS HERNANDEZ vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al

| Case Number | Court | File Date |
|---|---|---|
| DC-17-05068 | 95th District Court | 04/28/2017 |
| Case Type | Case Status | |
| INSURANCE | OPEN | |

## Party

PLAINTIFF
HERNANDEZ, JESUS

Address
1770 Saint James Place, Ste. 100
Houston TX 77056

Active Attorneys ▾
Lead Attorney
WORRALL, MATTHEW
Retained

Work Phone
713-963-8881

Fax Phone
713-574-2938

DEFENDANT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Address
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
BURDETTE, BRADFORD K
Retained

Work Phone
214-871-8200

Fax Phone
214-871-8209



EXHIBIT
B
tabbies®

DEFENDANT
KALTENBACH, DAVID ROBERT

Address
3825 TOWNBLUFF DRIVE
PLANO TX 75023

Active Attorneys ▼
Lead Attorney
BURDETTE, BRADFORD K
Retained

Work Phone
214-871-8200

Fax Phone
214-871-8209

## Events and Hearings

04/28/2017 NEW CASE FILED (OCA) - CIVIL

04/28/2017 ORIGINAL PETITION ▼

Plaintiff's Original Petition

04/28/2017 CASE FILING COVER SHEET ▼

17.04.28 Civil Case Information Sheet- Hernandez.pdf

04/28/2017 REQUEST FOR SERVICE ▼

17.04.28 CP Req- Hernandez.pdf

04/28/2017 ISSUE CITATION

04/28/2017 JURY DEMAND

05/03/2017 CITATION ISSUED ▼

CITATION ISSUED

CITATION ISSUED

05/03/2017 CITATION▼

Anticipated Server
**CERTIFIED MAIL**

Anticipated Method
Actual Server
**CERTIFIED MAIL**

Returned
**05/19/2017**
Anticipated Server
**CERTIFIED MAIL**

Anticipated Method

05/09/2017 NOTE - ADMINISTRATOR ▼

Comment
Set for initial dismissal (service/default): June 29, 2017. Notice faxed to counsel.

05/19/2017 RETURN OF SERVICE ▼

ALLSTATE

Comment
CIT EXEC 5/8/17 TO ALLSTATE VEHICLE AND PROPERTY INS CO CERT MAIL

05/26/2017 ORIGINAL ANSWER - GENERAL DENIAL ▼

Original Answer.pdf

06/29/2017 DISMISSAL FOR WANT OF PROSECUTION ▼

Judicial Officer
**MOLBERG, KEN**

Hearing Time
**9:00 AM**

# Financial

HERNANDEZ, JESUS
    Total Financial Assessment                      $549.00
    Total Payments and Credits               $549.00

| 5/1/2017 | Transaction Assessment | | | $549.00 |
|----------|------------------------|---|---|--------:|
| 5/1/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 27365-2017-DCLK | HERNANDEZ, JESUS | ($549.00) |

## Documents

Plaintiff's Original Petition

17.04.28 Civil Case Information Sheet- Hernandez.pdf

17.04.28 CP Req- Hernandez.pdf

CITATION ISSUED

CITATION ISSUED

ALLSTATE

Original Answer.pdf

FILED
DALLAS COUNTY
4/28/2017 4:43:52 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

Cause No. DC-17-05068

| | | |
|---|---|---|
| JESUS HERNANDEZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND DAVID | § | _____ JUDICIAL DISTRICT |
| ROBERT KALTENBACH, | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jesus Hernandez, (hereinafter referred to as "Plaintiff"), and files this Original Petition against Defendants, Allstate Vehicle and Property Insurance Company ("Allstate") and David Robert Kaltenbach ("Kaltenbach") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.    Plaintiff, Jesus Hernandez, is an individual residing in and/or owning property in Dallas County, Texas.

2.    Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served via certified mail, return receipt requested by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

3.    Defendant, David Robert Kaltenbach, is an individual residing in Plano, Texas and is an adjuster with a designated home state of Texas licensed with the Texas Department of Insurance.

1



EXHIBIT
B-1

This defendant may be served via certified mail, return receipt requested at 3825 Townbluff Drive, Plano, Texas 75023.

## DISCOVERY LEVEL

5.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

6.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

7.      The Court has jurisdiction over Defendant, Allstate, because this Defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

8.      The Court has jurisdiction over Defendant, Kaltenbach, because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

## VENUE

10.     Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

2

11.    Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

12.    Plaintiff owns the insured property located at 4663 Wyoming St., Dallas, Texas 75211, in Dallas County (hereinafter referred to as "the Property"). Allstate sold the Policy insuring the Property to Plaintiff.

13.    On or about April 12, 2016, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

14.    Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm. Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the Policy.

15.    Defendant Allstate assigned Kaltenback as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Plaintiff submitted an estimate for damages that Allstate completely ignored.

16.    Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjuster which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. For example, Kaltenback failed to explain why Plaintiff's property damage was under deductible and did not provide any of his photos taken

3

during the inspection. Kaltenback misrepresented that the hail damage was not fully covered under Plaintiff's policy. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

17.    Together, Defendants set about to deny and/or underpay on properly covered damages. For example, numerous correspondence Defendants sent to Plaintiff misrepresents three different dates of loss in an attempt to increase Plaintiff's deductible and not pay for the covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

18.    As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

19.    To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

20.    Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried

4

out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

21.    Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).


22.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

23.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

24.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

25.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.   Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

27.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

28.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.   Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

29.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear.

However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

31.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

32.     Plaintiff's experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

33.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Causes of Action Against Kaltenbach

34.     Allstate assigned Kaltenbach to adjust this claim. Kaltenbach was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Kaltenbach did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Kaltenbach refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the

7

Property and the estimated damages were severely underestimated.

        **A.**    **Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

35.      Defendant Kaltenbach's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

35.      Defendant Kaltenbach is individually liable for their unfair and deceptive acts, irrespective of the fact Kaltenbach was acting on behalf of Allstate, because Kaltenbach is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36.      Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Kaltenbach's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes

an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

37.     Defendant Kaltenbach's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(2)(A).

38.     Defendant Kaltenbach failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant Kaltenbach failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendant Kaltenbach did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

39.     Defendant Kaltenbach's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

40.     Defendant Kaltenbach did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate. Defendant

9

Kaltenbach's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II.      Causes of Action Against Allstate

41.      Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A.      Breach of Contract

42.      Allstate breached the contract of insurance it had with Plaintiff. Allstate breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

43.      Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

44.      Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

10

45. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

46. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

47. Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

48. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## C. Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute

49. Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

50. Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the

11

claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

51.     Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

52.     Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

### D.     Breach of the Duty of Good Faith and Fair Dealing

53.     Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

### E.     Knowledge

54.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

55.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

57.     For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is

12

the amount of his claim, together with attorney's fees.

58.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. Tex. Ins. Code § 541.152.

59.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code § 542.060.

60.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

61.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

62.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

13

63.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

64.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

**PRAYER**

65.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**WORRALL LAW GROUP, PLLC**

By:      */s/ Matthew J. Worrall*
       **Matthew J. Worrall**
       SBN: 24070883
       1770 St. James Place, Suite 100
       Houston, Texas 77056
       Telephone (713) 523-5500
       Facsimile: (713) 583-3411
       Email: mworrall@worralllaw.com

**ATTORNEY FOR PLAINTIFF**

14

FILED
DALLAS COUNTY
6/28/2017 4:43:52 PM
FELICIA PITRE
DISTRICT CLERK

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY):* DC-17-05068    COURT *(FOR CLERK USE ONLY):* _____

STYLED Jesus Hernandez v. Allstate Vehicle and Property Insurance Company and David Robert Kaltenbach
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: <br> Matthew J. Worrall | Email: <br> mworrall@worralllaw.com | Plaintiff(s)/Petitioner(s): <br> Jesus Hernandez | ☒Attorney for Plaintiff/Petitioner <br> ☐Pro Se Plaintiff/Petitioner <br> ☐Title IV-D Agency <br> ☐Other: _____ |
| Address: <br> 1770 Saint James Place | Telephone: <br> (713) 523-5500 | | Additional Parties in Child Support Case: |
| City/State/Zip: <br> Ste. 100 Houston, TX  77056 | Fax: <br> (713) 583-3411 | Defendant(s)/Respondent(s): <br> Allstate Vehicle and Property <br> Insurance Company and David <br> Robert Kaltenbach | Custodial Parent: <br><br> Non-Custodial Parent: |
| Signature: <br> Matthew J. Worrall | State Bar No: <br> 24070883 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐Consumer/DTPA <br> ☐Debt/Contract <br> ☐Fraud/Misrepresentation <br> ☐Other Debt/Contract: <br> *Foreclosure* <br> ☐Home Equity—Expedited <br> ☐Other Foreclosure <br> ☐Franchise <br> ☒Insurance <br> ☐Landlord/Tenant <br> ☐Non-Competition <br> ☐Partnership <br> ☐Other Contract: | ☐Assault/Battery <br> ☐Construction <br> ☐Defamation <br> *Malpractice* <br> ☐Accounting <br> ☐Legal <br> ☐Medical <br> ☐Other Professional <br>   Liability: <br><br> ☐Motor Vehicle Accident <br> ☐Premises <br> *Product Liability* <br> ☐Asbestos/Silica <br> ☐Other Product Liability <br>   List Product: <br><br> ☐Other Injury or Damage: | ☐Eminent Domain/ <br>   Condemnation <br> ☐Partition <br> ☐Quiet Title <br> ☐Trespass to Try Title <br> ☐Other Property: <br><br> **Related to Criminal Matters** <br> ☐Expunction <br> ☐Judgment Nisi <br> ☐Non-Disclosure <br> ☐Seizure/Forfeiture <br> ☐Writ of Habeas Corpus— <br>   Pre-indictment <br> ☐Other: | ☐Annulment <br> ☐Declare Marriage Void <br> *Divorce* <br> ☐With Children <br> ☐No Children <br><br><br> **Other Family Law** <br> ☐Enforce Foreign <br>   Judgment <br> ☐Habeas Corpus <br> ☐Name Change <br> ☐Protective Order <br> ☐Removal of Disabilities <br>   of Minority <br> ☐Other: | ☐Enforcement <br> ☐Modification—Custody <br> ☐Modification—Other <br> **Title IV-D** <br> ☐Enforcement/Modification <br> ☐Paternity <br> ☐Reciprocals (UIFSA) <br> ☐Support Order <br><br> **Parent-Child Relationship** <br> ☐Adoption/Adoption with <br>   Termination <br> ☐Child Protection <br> ☐Child Support <br> ☐Custody or Visitation <br> ☐Gestational Parenting <br> ☐Grandparent Access <br> ☐Parentage/Paternity <br> ☐Termination of Parental <br>   Rights <br> ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination <br> ☐Retaliation <br> ☐Termination <br> ☐Workers' Compensation <br> ☐Other Employment: | ☐Administrative Appeal <br> ☐Antitrust/Unfair <br>   Competition <br> ☐Code Violations <br> ☐Foreign Judgment <br> ☐Intellectual Property | ☐Lawyer Discipline <br> ☐Perpetuate Testimony <br> ☐Securities/Stock <br> ☐Tortious Interference <br> ☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal <br> ☐Tax Delinquency <br> ☐Other Tax | *Probate/Wills/Intestate Administration* <br> ☐Dependent Administration <br> ☐Independent Administration <br> ☐Other Estate Proceedings | ☐Guardianship—Adult <br> ☐Guardianship—Minor <br> ☐Mental Health <br> ☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court <br> ☐Arbitration-related <br> ☐Attachment <br> ☐Bill of Review <br> ☐Certiorari <br> ☐Class Action | ☐Declaratory Judgment <br> ☐Garnishment <br> ☐Interpleader <br> ☐License <br> ☐Mandamus <br> ☐Post-judgment | ☐Prejudgment Remedy <br> ☐Protective Order <br> ☐Receiver <br> ☐Sequestration <br> ☐Temporary Restraining Order/Injunction <br> ☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case):***
- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☐Over $100, 000 but not more than $200,000
- ☒Over $200,000 but not more than $1,000,000
- ☐Over $1,000,000

Rev 2/13

**EXHIBIT**

**B-2**

FILED
DALLAS COUNTY
4/28/2017 4:43:52 PM
FELICIA PITRE
DISTRICT CLERK

# CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
|---|
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):   Plaintiff's Original Petition _____

**FILE DATE OF MOTION:** ___04.28.2017_____
Month/        Day/        Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME:   Allstate Vehicle and Property Insurance Company _____

   ADDRESS:   1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136 _____

   AGENT, (*if applicable*):   C T Corporation System _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):   Citation _____

   **SERVICE BY** (*check one*):
   ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
   ☐ MAIL                                ☒ CERTIFIED MAIL
   ☐ PUBLICATION:
       Type of Publication:   ☐ COURTHOUSE DOOR,  or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, *explain* _____

*******************************************************************************

****

2. NAME:   David Robert Kaltenbach _____

   ADDRESS:   3825 Townbluff Drive, Plano, Texas 75023 _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):   Citation _____

   **SERVICE BY** (*check one*):
   ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
   ☐ MAIL                                ☒ CERTIFIED MAIL
   ☐ PUBLICATION:
       Type of Publication:   ☐ COURTHOUSE DOOR,  or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:   Matthew J. Worrall _____     TEXAS BAR NO./ID NO.   24070883 _____

MAILING ADDRESS:   1770 Saint James Place, Suite 100, Houston, Texas 77056 _____

PHONE NUMBER:   (713)        523-5500        FAX NUMBER:   (713)        583-3411
                area code    phone number                  area code    fax number

EMAIL ADDRESS:   mworrall@worralllaw.com _____

EXHIBIT
B-3

CIV/C108 Revised 9/3/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
                              (specify)

MOTION TO: _____
                              (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/3/99

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

<table>
<tr><td></td><td></td></tr>
</table>

To:     **DAVID ROBERT KALTENBACH**
        **3825 TOWNBLUFF DRIVE**
        **PLANO  TX  75023**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JESUS HERNANDEZ**

Filed in said Court  **28th day of April, 2017** against

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND DAVID ROBERT KALTENBACH**

For Suit, said suit being numbered **DC-17-05068,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, **REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 3rd day of May, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
      GAY LANE

**EXHIBIT**
B-4

---

**CERT MAIL**

**CITATION**

**DC-17-05068**

**JESUS HERNANDEZ**
vs.
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al**

ISSUED THIS
3rd day of May, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

**Attorney for Plaintiff**
MATTHEW WORRALL
WORRALL LAW GROUP PLLC
1770 ST JAMES PLACE, SUITE 100
HOUSTON TX  77056
713-523-5500



DALLAS COUNTY CONSTABLE
FEES          FEES NOT
PAID            PAID

# OFFICER'S RETURN

Case No. : DC-17-05068

Court No.95th District Court

Style: JESUS HERNANDEZ

vs.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al

Came to hand on the 3RDday of MAY 2017 at 1:47 o'clock PM. Executed at 3825TOWNBLUFF DRIVE within the County of _____ at _____

o'clock _____ .M. on the _____ day of _____, 20 _____, by delivering to the within named DAVID

ROBERT KALTENBACH, BY US CERTIFIED MAIL RETURNED RECEIPT RECEIVED AND SIGNED BY

_____

eieh, in person, a true copy of this Citation together with the accompanying copy of this pleading; having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $___76_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |
| | (Must be verified if served outside the State of Texas.) | |

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

**9214 8901 0661 5400 0106 8077 69**

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JESUS HERNANDEZ**

Filed in said Court  **28th day of April, 2017** against

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND DAVID ROBERT KALTENBACH**

For Suit, said suit being numbered **DC-17-05068,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, **REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 3rd day of May, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    GAY LANE



---

**CERT MAIL**

**CITATION**

**DC-17-05068**

**JESUS HERNANDEZ**
vs.
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al**

ISSUED THIS
**3rd day of May, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

**Attorney for Plaintiff**
MATTHEW WORRALL
WORRALL LAW GROUP PLLC
1770 ST JAMES PLACE, SUITE 100
HOUSTON TX  77056
713-523-5500

DALLAS COUNTY CONSTABLE
FEES
PAID     FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-05068

Court No.95th District Court

Style: JESUS HERNANDEZ

vs.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al

Came to hand on the 3RDday of MAY 2017 at 1:43 o'clock PM. Executed at 1999 BRYAN ST STE 900 within the County of _____ at _____

o'clock _____ .M. on the _____ day of_____ , 20_____ , by delivering to the within named ALLSTATE

VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM, BY US CERTIFIED MAIL

RETURNED RECEIPT RECEIVED AND SIGNED BY

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $____76_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20_____.

to certify which witness my hand and seal of office.

**9214 8901 0661 5400 0106 8071 41**

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JESUS HERNANDEZ**

Filed in said Court **28th day of April, 2017** against

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND DAVID ROBERT KALTENBACH**

For Suit, said suit being numbered <u>**DC-17-05068,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, **REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 3rd day of May, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
GAY LANE





---

**CERT MAIL**

**CITATION**

**DC-17-05068**

**JESUS HERNANDEZ**
vs.
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al**

**ISSUED THIS**
**3rd day of May, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

---

**Attorney for Plaintiff**
MATTHEW WORRALL
WORRALL LAW GROUP PLLC
1770 ST JAMES PLACE, SUITE 100
HOUSTON TX 77056
713-523-5500

EXHIBIT
B-5

DALLAS COUNTY CONSTABLE
FEES
PAID
FEES NOT
PAID


**UNITED STATES**
**POSTAL SERVICE.**

Date: May 8, 2017

MAIL MAIL:

The following is in response to your May 8, 2017 request for delivery information on your
Certified Mail™/RRE item number 92148901066154000106807141. The delivery record
shows that this item was delivered on May 8, 2017 at 9:26 am in DALLAS, TX 75201.
The scanned image of the recipient information is provided below.

Signature of Recipient :

Terri Thongsarat

Address of Recipient :

1999 Bryan St # 905
Dallas, TX 75201

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000106807141
DC17-05068/ GDL
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
1999 Bryan St Ste 900
Dallas, TX 75201-3140

# OFFICER'S RETURN

Case No. : DC-17-05068

Court No.95th District Court

Style: JESUS HERNANDEZ

vs.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al

Came to hand on the 3RDday of MAY 2017 at 1:43 o'clock PM. Executed at 1999 BRYAN ST STE 900 within the County of _____ at _9:26_

o'clock __9A__ .M. on the _8th_ day of _May_ _____ , 20 _17_ , by delivering to the within named ALLSTATE

VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM, BY US CERTIFIED MAIL

RETURNED RECEIPT RECEIVED AND SIGNED BY ____ _Terri Thongsarnt_ _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $___76_____ | _Terri Thongsarnt_ |  |
| For mileage | $_____ | of_____County,_____ |  |
| For Notary | $_____ | By _Daytone)_ | ____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____ , 20_____,

to certify which witness my hand and seal of office.

9214 8901 0661 5400 0106 8071 41

Notary Public_____County_____

## FELICIA PITRE
**DISTRICT CLERK**
**600 COMMERCE STREET**
**DALLAS, TEXAS 75202-4606**

FILED
DALLAS COUNTY
6/1/2017 12:09:21 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-05068

| | | |
|---|---|---|
| JESUS HERNANDEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY and DAVID | § | |
| ROBERT KALTENBACH, | § | |
| | § | |
| Defendants. | § | 95th JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND DAVID ROBERT KALTENBACH

Allstate Vehicle and Property Insurance Company and David Robert Kaltenbach (collectively, "Defendants"), Defendants in the above-entitled action, files their Original Answer and would show:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations in Plaintiff's Original Petition, and, since they are allegations of fact, requests that the Plaintiff be required to prove them by a preponderance of the credible evidence as is required by state law.

WHEREFORE, Defendants request that upon trial and hearing hereof, Plaintiff recover nothing from Defendants, and that Defendants recover all costs of court and such other and further relief at law or in equity to which they may be justly entitled.

ORIGINAL ANSWER OF ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY AND DAVID ROBERT KALTENBACH – Page 1
2734817v1
09999.999



EXHIBIT
B-6

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Bradford K. Burdette
Bradford K. Burdette
State Bar No. 03364700
bburdette@thompsoncoe.com
Roger D. Higgins
State Bar No. 9601500
rhiggins@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8289
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY and DAVID
ROBERT KALTENBACH**

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2017, a true and correct copy of the foregoing document was served upon all known counsel by electronic service in accordance with the Texas Rules of Civil Procedure:

Matthew J. Worrall
Worrall Law Group, PLLC
1770 St. James Place, Suite 100
Houston, TX 77056

/s/ Bradford K. Burdette
Bradford K. Burdette